```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF MARYLAND
                     (Greenbelt Division)

In re:                          :
                                :
   MINBILT REALTY, INC.         : Case No. 05-90379
                                : (Chapter 7)
      Alleged Debtor            :
_____ :
```

## RESPONSE TO OPPOSITION TO
## ALLEGED DEBTOR'S MOTION FOR SUMMARY JUDGMENT

Mr. Rosen's Opposition to the Alleged Debtor's Motion for Summary Judgment (the "motion") fails to address the specific assertions contained in the motion by any opposing statement of facts supported by the record, it cites no legal authority, it raises issues which are irrelevant to a determination of the case, and it attempts to amend the Involuntary Petition without leave of court.

## Background

The Involuntary Petition alleged that the petitioner, Mr. Rosen, is eligible to file the petition because the debtor was generally not paying its debts as they become due.

The Involuntary Petition further asserts that as Trustee of the Chapter 7 case of Minh Vu Hoang, the debtor owes Minh Vu Hoang $93,708.75.

The Motion for Summary Judgement clearly establishes that neither of those contentions are factually true or legally sustainable.

Mr. Rosen is not a creditor of the Alleged Debtor. 11 U.S.C. § 101(10).  Mr. Rosen had no standing to institute an involuntary bankruptcy petition on behalf of Mrs. Hoang, a shareholder of the Alleged Debtor, because a shareholder is not a holder of a claim that is not contingent as to liability or amount as required by 11 U.S.C. § 303(b)(1).

The Opposition to the motion now attempts to obfuscate the obvious: the original Involuntary Petition was incurably defective.

### The Response Contains No Facts Which Would Defeat the Motion

Mr. Rosen ignores the Statement of Undisputed Facts contained in Debtor's motion because he has no contradictory facts.

His attempt to create an issue of fact by contending in paragraph 15 of the opposition that "there is a material question of fact as to whom and how much money was lent" by Mr. Zur Nedden is simply wrong and not supported by the record.

First, Mr. Rosen asserts that although the note is payable at maturity, it has no maturity date, which makes

2

it suspect. But he fails to inform the court that the Deed of Trust clearly provides that the note is due and payable on September 6th, 2006. Assuming the note has no maturity date, how does that affect the validity of the transaction, and why is the Deed of Trust not valid?

Second, Mr. Rosen's attempt to seize upon an obvious typographical error in the Alleged Debtor's Memorandum reflects the absence of a bona fide opposition. Although Mr. Rosen points out that the loan was for $95,708.75, he says that the Alleged Debtor's Memorandum points out that the amount is $93,708.75. Mr. Rosen does not assert that Mr. Zur Nedden's Affidavit confirming that he loaned $95,708.75, verified by a check, and Mrs. Hoang's affidavit, is questionable in any respect.

It is perfectly clear Mr. Zur Nedden loaned the amounts in question to the Alleged Debtor, and not to Mrs. Hoang.

### The Opposition Raises Irrelevant Issues

The Trustee questions the authority of the Alleged Debtor to file the Motion for Summary Judgment, because the Alleged Debtor "has no board of directors, has held no shareholder meetings and has failed to abide by the necessary corporate formalities." Response, par. 13 and Rosen Affidavit, par 7. But Mr. Rosen's contentions are

3

made upon "information and belief", only so a reader is left to speculate as to his sources and his reasons.

In fact, he has no information or belief.  Mr. Rosen has taken no discovery concerning corporate activities nor has he requested a meeting of shareholders to assert whatever rights he may have.

Moreover, he cites no legal authority for the proposition that the Alleged Debtor cannot contest the Involuntary Petition, because there is none.  If Mr. Rosen believes the corporation is not being operated according to law, he has remedies other than those asserted in this case.  He should not be permitted to make "an end run" around actions which a shareholder must take to enforce corporate rights as set forth in the Maryland Code, and which must be instituted in the Circuit Court for Montgomery County, Maryland.

References in the Opposition to the pending Motion for Substantive Consolidation are likewise not relevant to a determination of the specific issues in this case.  The Trustee does not maintain that the loan was anything but a bona fide transaction, or that Mr. Zur Nedden is in any way involved in the Motion for Substantive Consolidation.

In effect, the Trustee has attempted to amend the Involuntary Petition without leave of court. He has new theories and new alleged causes of action.

### Conclusion

The Motion for Summary Judgment should be granted because there is an absence of evidence to support the Trustee's claims. Mr. Rosen has not pointed to any facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Summary judgment in this case should not be denied merely because Mr. Rosen raises a "metaphysical doubt" as to material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

While the court must consider any permissible inferences in the light most favorable to the Alleged Debtor, those inferences must "fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture". *Thompson Everett, Inc. v. National Cable Advertising, L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995) (citations omitted).

Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." *Felty v. Graves-*

*Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). If Mr. Rosen's assertions do not raise a genuine issue as to a material fact, then summary judgment is proper. See, *Anderson, 477 U.S. at 249-50* (where evidence is not significantly probative, then summary judgment is proper).

                /s/ Ira C. Wolpert_____
                  Ira C. Wolpert (#551)
                  3 Bethesda Metro Center
                  Suite 530
                  Bethesda, MD 20814
                  Telephone: 301-961-5770
                  Fax Number: 301-961-5771
                  Attorney for the Alleged Debtor

## Certificate of Service

I hereby certify that on the 22nd day of August, 2006, I mailed a copy of the foregoing by first class mail, postage prepaid, to:

    Office of the U.S. Trustee
    6305 Ivy Lane, Suite 621
    Greenbelt, MD 20770

    Gary A. Rosen, Esq.
    One Church Street
    Suite 802
    Rockville, MD 20850

                /s/Ira C. Wolpert_____
                  Ira C. Wolpert